# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:20-CR-00062-JDK** |
| **v.** § | |
| § | |
| § | |
| **DALTON BREWER** § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 18, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Dalton Brewer. The government was represented Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Unlawfully Transfer, Possess, and Use a Means of Identification, a Class C Felony. This offense carried statutory maximum imprisonment terms of 15 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of VI, was 30 to 37 months. On August 19, 2021, U.S. District Judge Jeremy Kernodle of the Eastern District of Texas sentenced Defendant to 37 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, prohibition from obtaining new credit, substance abuse testing and treatment, and restitution. On February 10, 2023, Defendant completed his period of imprisonment and began service of the supervision term. Defendant's conditions of supervised release were subsequently modified to include mental health treatment and placement in a residential reentry center upon release for a period of 180 days.

1

Under the terms of supervised release, Defendant was prohibited from any unlawful use of a controlled substance and was required to submit to periodic drug screening. In its petition, the government alleges that Defendant violated his conditions of supervised release. The government alleges that on February 29 and March 7, 2024, Defendant submitted a positive urine test for methamphetamine, cocaine, and marijuana. The government alleges that on March 5, 2024, Defendant submitted a positive urine test for methamphetamine and cocaine. The government further alleges that on March 12 and March 18, 2024, Defendant submitted a positive urine test for methamphetamine and marijuana.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing cocaine and methamphetamine as evidence by positive drug tests as alleged above, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a). Given that the original offense which resulted in the term of supervised release was a Class C felony, the maximum imprisonment sentence is reduced to not more than 24 months. *See* 18 U.S.C. §§ 3583(e)(3), 3583(g)(1).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 21 months followed by 1 year of supervised release to include placement in a residential reentry center upon release from confinement for a period of 180 days.

The court therefore **RECOMMENDS** that Defendant Dalton Brewer's plea of true be accepted and he be sentenced to 21 months imprisonment followed by 1 year of supervised release to include placement in a residential reentry center upon release from confinement for a period of 180 days. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, Texas, if available, and that Defendant receive drug treatment, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 18th day of April, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE